IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICK SCOTT,
         Petitioner,

v.

RICK M. HILL, Warden,
         Respondent.
                                 /

No. C-13-0245 TEH (PR)

ORDER TO SHOW CAUSE

      Petitioner Patrick Scott, a state prisoner incarcerated at Folsom State Prison, Folsom, California, has filed a _pro se_ Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction from Alameda County Superior Court. Doc. #1. Petitioner has paid the $5.00 filing fee.

I

      According to the Petition, in April 1992, Petitioner was sentenced to twenty-six years to life pursuant to a conviction of aiding and abetting murder. Doc. #1 at ii. In July 2012, Petitioner sought post-conviction relief in the California Supreme Court, which denied the petition on November 20, 2012. Doc. #1 at 4, 7. The instant federal Petition for a Writ of Habeas Corpus followed. He raises the following claims: (1) factual innocence based on new evidence of a ballistic test that was not available at trial; (2) prosecutorial misconduct based on a violation of _Brady v. Maryland_, 373 U.S. 83 (1963); and (3) equitable tolling based on ineffective assistance of counsel. He also asserts that he has

shown cause for his procedural default in state court.  Doc. #1 at viii.

## II

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

Liberally construed, Petitioner's claims appear cognizable under 28 U.S.C. § 2254 and merit an Answer from Respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## III

For the foregoing reasons and for good cause shown,

1.  The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto (Docs. ##1-3), on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this Order on Petitioner.

2.  Respondent shall file with the Court and serve on Petitioner, within sixty (60) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should

not be granted.  Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty (30) days of his receipt of the Answer.

3. In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty (30) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fifteen (15) days of receipt of any Opposition.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED    *02/11/2013*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.13\Scott 13-0245-osc.wpd

3